## Automobile Fines.

*Automobiles — Fines—When payable to Commonwealth — Special Act of March 17, 1865, relating to Franklin and other counties — General Act of June 30, 1919.*

1. Fines imposed in Franklin County for violations of the provisions of the Automobile Act of June 30, 1919, P. L. 678, other than for those relating to weight and speed, are payable under the terms of that act to the State Treasurer, and not for the use of the county law library, as provided by the local Act of March 17, 1865, P. L. 408.

2. The two acts are not inconsistent, and the later does not repeal the earlier, inasmuch as they refer to different subjects.

Attorney-General's Department. Opinion to Mr. Benjamin G. Eyon, Registrar of Motor-vehicles, State Highway Department.

GAWTHROP, Dep. Att'y-Gen., Nov. 4, 1921.—There was duly received your communication of Oct. 26, 1921, in which you state that, notwithstanding the fact that you have notified the Clerk of the Court of Quarter Sessions of Franklin County to pay over to the State Treasurer the fines imposed by the Court of Quarter Sessions of said county upon defendants, convicted of certain violations of an act of assembly entitled "An act relating to and regulating the use and operation of automobiles, . . ." approved June 30, 1919, that officer has advised you that the fines will be paid over to the Treasurer of Franklin County, for the use of the Law Library, in accordance with the provisions of the Act of March 17, 1865, P. L. 408, and the Act of April 5, 1866, P. L. 522. You inquire whether the Commonwealth is entitled to these fines.

The Act of March 17, 1865, P. L. 408, provides: "That all fines and penalties imposed by the several courts of Franklin, Adams, Somerset and Fulton

Counties, which, under existing laws, are not payable to the Commonwealth for its use, are hereby directed to be paid into the treasury of said counties for the use of a law library. . . ."

The Act of April 5, 1866, P. L. 522, provides: "That the true intent and meaning of the act entitled 'An act to appropriate certain fines and penalties imposed by the courts of Franklin, Adams, Somerset and Fulton Counties,' approved March 17, 1865, is and is hereby declared to be to embrace under the terms fines and penalties all forfeited recognizances in the said courts from the passage of said act and hereafter."

Section 35 of the Act of June 30, 1919, P. L. 678, provides: "All fines and penalties collected under the provisions of this act for violations of the same, and all bail forfeited, shall be paid to the State Treasurer, to be placed in a deposit fund to be available for the use of the State Highway Department, except those collected for violations of the provisions as to speed or weight, which shall be paid to the treasurer of the city, borough, town or township wherein the violation occurred. . . ."

I understand that the fines about which you inquire were not imposed in cases charging violations of the provisions of the latter act as to speed or weight.

It appears that the local authorities of Franklin County take the position that, upon the principle stated in the maxim *generalia specialibus non derogant*, the Act of June 30, 1919, P. L. 678, does not operate to give the Commonwealth any fines which may be imposed under it by the courts of Franklin County. Clearly this position is untenable. There is no inconsistency between the Act of 1919 and these special acts. They relate to different subjects. The former does not repeal the latter, but merely creates new offences, and provides that fines imposed for the same shall be paid to the State Treasurer. Each act may be given its full effect without conflict with the other. The fines which are payable to the Treasurer of Franklin County under the Act of March 17, 1865, P. L. 408, are those "which, under existing laws, are not payable to the Commonwealth for its use." I am of opinion that the words "under existing laws," as used in the act, refer to the laws existing at the time of the imposition of the fines. The words must receive this liberal construction in order to effectuate the purpose of the act. It would be a narrow construction to hold that the County of Franklin can receive only the fines imposed under acts of assembly in force at the time of the passage of the Act of 1865, and cannot receive fines imposed under subsequent acts. Even under this liberal construction, however, the County of Franklin is not entitled to receive fines imposed by its several courts which are payable to the Commonwealth. It follows, therefore, that the fines which are directed to be paid to the Commonwealth under the Act of June 30, 1919, P. L. 678, cannot be held by the County of Franklin. This conclusion is in harmony with the opinion of Deputy Attorney-General Hull to the Hon. Fred Rasmussen, Secretary of the Department of Agriculture, under date of July 21, 1921, advising that fines imposed by the Court of Quarter Sessions of Franklin County for violations of the Act of May 28, 1915, P. L. 587, are payable to a duly authorized agent of the Bureau of Animal Industry, to be by him paid into the State treasury.

There has come to my attention no decision by any court in Pennsylvania in conflict with the opinion herein expressed. In Com. *v.* Ryan, 30 Dist. R. 826, Judge Stewart, of Northampton County, specially presiding in the County of Carbon, held that a fine imposed for violation of certain statutes relating to the practice of dentistry was payable to the Carbon County Law

1 D. & C.

Library under an act similar to the Act of 1865, relating to Franklin County. In that case, however, the act of assembly imposing the fine made it payable to the State Dental Society and not to the Commonwealth. In my opinion, the court could not have reached the conclusion it did if the fines there imposed had been for the use of the Commonwealth and had been payable to the Commonwealth.

You are advised, therefore, to renew your request to the Clerk of the Court of Quarter Sessions of Franklin County, and, in the event that it is not complied with, to notify this department.

From Guy H. Davies, Harrisburg, Pa.